No. 498
ROONEY v. PETERSON
Ohio Appeals, 7th Dist., Mahoning Co.
Oct. 17, 1924.

297. CONTRACTS — Written contract is binding on a party thereto, regardless of whether he has knowledge of its contents.

1235. VERDICT—Jury must assess the actual and final amount of the verdict.

FARR, J.

The action was to foreclose a lien on real estate. The principal issue arose on an answer and cross petition filed by one, Chapel and the answer of Rooney. Chapel and Rooney had made an agreement whereby Chapel was to erect a building upon the property at a stipulated sum which was to include certain commissions. The testimony showed that such a contract had been drawn up and signed, and that Chapel had, without reading it or knowing all of its contents, placed it in his pocket and taken it home, where it

was later destroyed by a child. In answer to an interrogatory, the jury found that there was no written contract. The jury also returned a verdict for Chapel for $2,511.85 less commission paid. Rooney prosecuted error to the Court of Appeals which held:

1. The acceptance of a contract sufficiently indicates an assent to its terms whatever they may be, and it is immaterial that they are, in fact, unknown. Consequently the conclusion is that the special finding of the jury that there was no contract in writing, is against the weight of the evidence and contrary to law.

2. When the amount found in a verdict by a jury cannot be ascertained without reference to the evidence offered on the trial, no judgment can properly be entered on such an uncertain verdict. Such was the situation in this case. By 11465 GC. the jury must assess the amount of the recovery in its verdict. Judgment reversed.

Attorneys—Burky & Burky; George J. Carew Wilson Hahn, Henderson & Wilson, Kennedy, Manchester, Conway & Ford, John Schlarb, F. J. Heim, Dorman & Woodside W. H. Penrook, H. J. Weber and A. Easterly for Rooney, et al.; Moore, Barnum & Hammond, for Peterson.